# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KELLY MICKELSON,

        Plaintiff,

v.

ISIDRO BACA, *et al.,*

        Defendants.

3:15-cv-00458-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (ECF No. 27). Plaintiff opposed (ECF No. 35), and defendants replied (ECF No. 36). For the reasons stated below, the court recommends that defendants' motion to dismiss (ECF No. 27) be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Kelly Mickelson ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and currently housed at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. Pursuant to 42 U.S.C. § 1983, plaintiff brings several civil rights claims against NDOC and NNCC officials.

On April 11, 2016, the District Court screened plaintiff's complaint and determined that he could proceed with his Count I and II claims as one combined claim related to Eighth Amendment conditions of confinement. (ECF No. 4 at 11.) All other claims and parties were dismissed. (*See id.*)

According to the complaint, the alleged events giving rise to plaintiff's claim are as follows. In October 2014, defendants Murguia and Moyle ordered defendants Coffin, McColl, Blevins, and Brooks to keep the lights in plaintiff's unit on at all times. (ECF No. 5 at 10.) Plaintiff's unit has eight skylights that are approximately 30-inches by 48-inches that permit adequate natural light. (*Id.*) Plaintiff's unit has 83 florescent lights with two 30-inch bulbs each, totaling 166 bulbs. (*Id.*)

When correctional officers only turn on 30 lights (60 bulbs), it is still brighter inside the unit than it is outside in the middle of the day. (*Id.*) Plaintiff's unit is one of two that houses all level one inmates. (*Id.*) All of these level one inmates have jobs and there is no other place to house level one workers. (*Id.*) Plaintiff cannot live in any other unit without losing his job and his level one status. (*Id.* at 13.)

During the day, defendants Beitler and Brooks only turn on 30 lights. (*Id.* at 10.) Skulstad will turn on additional lights in the control bubble if she feels there is not enough lighting in the unit. (*Id.*) Nevada Administrative Code ("NAC") 211.310 provides that each cell, dayroom, and dormitory room must be provided with natural or artificial light of at least 20 foot-candles at desk level and in areas used for personal grooming. (*Id.*) Defendants have exceeded the 20 foot-candle lighting. (*Id.*) Plaintiff wears his sunglasses inside his unit to help with the brightness. (*Id.* at 13.) Defendant Beitler also wears his sunglasses inside because it is so bright. (*Id.*)

Defendant Baca has entered the unit when all lights were off and did not order anyone to turn them back on. (*Id.* at 11.) Defendants Murguia and Moyle claim that the lights have to be on pursuant to the Prison Rape Elimination Act ("PREA"). (*Id.*) Defendants Murguia, Moyle, Jane Doe #1 (NDOC PREA Investigator), and John Doe #1 (NDOC PREA Investigator) refuse to produce information on the PREA lighting standard. (*Id.* at 11-12.) Plaintiff alleges that Reynolds made a comment to Foster that light diffusers were installed, but plaintiff believes this to be untrue. (*Id.* at 12.)

On April 4, 2015, defendants ordered the unit to have 24-hour lighting. (*Id.* at 14.) The unit does not require extra lighting at night because the bathrooms and showers are lit all night. (*Id.*) Plaintiff's unit is the only unit in the entire institution that has its lights on all day and all night. (*Id.*)

Plaintiff suffers from migraines and watery eyes when he is exposed to bright lights. (*Id.* at 13.) Plaintiff alleges that defendants know plaintiff has been treated by medical for issues caused by the excessive lights. (*Id.*) Plaintiff has been prescribed acetaminophen for his symptoms caused by the excessive lighting. (*Id.*)

The court stayed the case for ninety days to allow for an early mediation conference between plaintiff and defendants. (ECF No. 4.) The parties were ultimately unable to settle, and this court issued an *in forma pauperis* order commencing litigation. (ECF No. 17.) On January 19, 2017, defendants filed their motion to dismiss on the basis of *res judicata*. (ECF No. 27.) This report and recommendation follows.

## II. LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III. DISCUSSION

**A. Eighth Amendment Conditions of Confinement – *Res Judicata***

Defendants contend that plaintiff's claims are barred by *res judicata* because the same issues were fully litigated to final judgment on the merits in a separate case filed by another inmate,

(hereinafter "*Hull*").[1] (ECF No. 27 at 2.)  In turn, plaintiff insists that he be allowed to litigate his case as "too many disputed facts exist[]" and it "is up to a jury to decide." (ECF No. 35 at 2.)

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privities based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (internal quotation omitted).  *Res judicata* bars a subsequent claim where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* at 1052 (internal quotation omitted).  All three elements are present in this case.

To determine whether two suits involve the same claim, courts consider four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether the two suits involve infringement of the same right; (3) whether substantially the same evidence is presented in the two actions; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Sidhu v. Flecto Co.,* 279 F.3d 896, 900 (9th Cir. 2002).  No rights or interests were established in the prior judgment, but the second, third, and fourth criteria are easily met.  In the instant action and in *Hull*, both sets of plaintiffs asserted violations of their Eighth Amendment rights, specifically related to conditions of confinement. (*Compare* ECF No. 5 *with* ECF No. 27-1 (*Hull* complaint).)  Further, the same basic facts were offered to support the claims: the unit where both inmates were housed was excessively lit, and an examination of plaintiff's complaint and *Hull's* complaint show their allegations to be nearly identical. (*See id.*)  Therefore, an identity of claims exists between the two suits.

There is no question that the *Hull* decision constituted a final judgment on the merits. *Hull* was dismissed by the court and final judgment was entered. (*See* ECF Nos. 27-4, 27-5.)

Third, there is privity between the parties.  Even when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient

---

[1] *Hull v. Aranas*, 3:15-cv-00348-RCJ-VPC.

commonality of interest." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (citing *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted)); *see also Stratosphere Litigation,* 298 F.3d at 1142 n. 3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); *Shaw v. Hahn,* 56 F.3d 1128, 1131–32 (9th Cir.1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action). Although plaintiff was not a party in the *Hull* case, plaintiff's interests were represented adequately by *Hull* in the original suit. *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). *Hull* sought to litigate the exact issues plaintiff is trying litigate. Specifically, that the use of 24-hour lighting in their unit at NNCC is excessive and causes health issues. (*See* ECF No. 5; ECF No. 27-1 (*Hull* complaint).) Also, plaintiff moved to consolidate his case with *Hull*, stating they are "nearly identical" and consisted of the same "questions of law or fact and questions for discovery." (ECF No. 15 at 3, 5.) Further, while not all the same defendants are named in plaintiff's case and in *Hull*, both suits are against members of NNCC. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992); *see also Matthews v. Endel*, No. 3:06–CV–00401–RLH–VPC, 2009 WL 44001, at *10 (D. Nev. Jan. 5, 2009) (privity exists between NDOC employees).

Accordingly, the court finds that the requirements of *res judicata* are satisfied, and recommends that summary judgment be entered in defendants' favor.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that defendants' motion to dismiss (ECF No. 27) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (ECF No. 27) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: May 15, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**